1

2

3

4

5

6

MORGAN, LEWIS & BOCKIUS LLP
RICHARD W. ESTERKIN, State Bar No. 70769
PRESCOTT LITTLEFIELD, State Bar No. 259049
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:  213.612.2500
Fax:  213.612.2501

Proposed Counsel for Debtor and Debtor in
Possession, Boneyard, LLC

FILED & ENTERED

FEB 05 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Duarte     DEPUTY CLERK

7

8

9

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

In re

BONEYARD, LLC,

                         Debtor,

Case No. 8:09-bk-23930-ES

Chapter Number: 11

**ORDER ON MOTION TO SELL REAL
PROPERTY FREE AND CLEAR OF
INTERESTS**

Date:  January 14, 2010
Time:  10:30 a.m.
Ctrm:  5A

17

18

19

20

21

22

23

24

25

26

27

          The Debtors' Motion for Order:  (i) Authorizing Sale of Real Property Free and Clear of

Interests filed December 16, 2009 [Docket No. 4] (the "**Sale Motion**") came on regularly for

hearing before the above-entitled Court on January 14, 2010, commencing at 10:30 a.m., the

Honorable Erithe A. Smith, United States Bankruptcy Judge, presiding (the "**Sale Hearing**").

Appearances at the Sale Hearing were as noted in the record of the Sale Hearing.  After due

deliberation thereon; and good and sufficient cause appearing therefore, it is hereby:

          ORDERED, ADJUDGED AND DECREED THAT:

          1.          Sale Motion Granted.  The Sale Motion is granted pursuant to the terms and

conditions of this Order on Motion to Sell Real Property Free and Clear of Interests (the "**Sale

Order**").

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2.    <u>Disposition of Objections to Sale Motion</u>.  The only objection to the Sale Motion was that filed by Barto/Signal Petroleum, Inc. on December 30, 2009 [Docket No. 14], which was withdrawn on January 13, 2010 [Docket No. 26].  Accordingly, other than as set forth below, pursuant to Local Rule 9013-1(h), all parties in interest are deemed to have consented to the relief sought in the Sale Motion.

3.    <u>Service of the Sale Motion</u>.  The Court having determined that the Sale Motion was not served upon certain potential mechanic's lien claimants listed on the Debtor's Schedule D in accordance with Bankruptcy Rule 7004 because notice of the Sale Motion was mailed to such claimants as listed on the Debtor's Schedule D, rather than to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process, this Sale Order shall be provisionally effective and the Debtor is hereby directed to provide notice to said claimants in the manner provided in Bankruptcy Rule 7004 on or before January 15, 2010.  Such parties shall then have until January 25, 2010 within which to file legal objections to the Sale Motion.  No such objections having been filed, the Court determines that due and adequate notice of the Sale Motion was provided to all parties in interest.

**Approval of the Purchase Agreement**

4.    <u>Toll Agreement Disapproved</u>.  At the time of the Sale Hearing, the Court having solicited overbids to the Purchases and Sale Agreement and Joint Escrow Instructions by and between the Debtor and Toll Bros., Inc. ("**Toll**") submitted with the Sale Motion (the "**Toll Agreement**"), and having received an overbid from Lennar Homes of California, Inc. ("**Lennar**") that the Debtor deemed to be a higher and better offer than the Toll Agreement, the Toll Agreement is hereby disapproved in its entirety including, without limitation, the provisions therein providing for the payment of a break-up fee to Toll (Article 12(b), as a result of which, neither the Debtor nor Toll shall have any rights or obligations under the Toll Agreement.

5.    <u>Lennar Agreement Approved</u>.  The Purchase and Sale Agreement and Joint Escrow Instructions by and between the Debtor and Lennar, in the form attached hereto as Exhibit 1, (the "**Lennar Agreement**") is hereby approved and the Debtor is hereby authorized to

1  execute and deliver the Lennar Agreement and to perform its obligations under the Lennar

2  Agreement, subject to the terms and conditions thereof.

3      6.   Lennar Deposits.  By not later than January 19, 2010, Lennar shall deliver a good

4  faith deposit to the escrow to be opened for the purpose of closing the sale contemplated in the

5  Lennar Agreement in the amount of $250,000 (the "**Deposit**").  In the event the Lennar

6  Agreement has not been terminated in accordance with its terms on or before January 31, 2010,

7  $50,000 of the Deposit shall become non-refundable, except as provided in the Lennar

8  Agreement.  In the event the Lennar Agreement has not been terminated in accordance with its

9  terms on or before February 8, 2010, the remaining $200,000 of the Deposit shall become non-

10  refundable, except as provided in the Lennar Agreement.

11      7.   Automatic Stay. The automatic stay herein is hereby modified so as to permit all

12  parties in interest herein to take such action as may be necessary or convenient to facilitate the

13  transactions contemplated in the Lennar Agreement.

14      8.   Incorporation of Terms of Stipulation with Pacific Western Bank.  The approval of

15  the Sale Motion is subject to the terms and conditions of that certain "Stipulation Among

16  Boneyard, LLC, Luckey Industrial, LLC and Pacific Western Bank re Sale of Real Property Free

17  and Clear of Interests" (the "**Bank Stipulation**") [Docket No. 16].  The Bank Stipulation is

18  approved subject to the revisions incorporated herein.  Paragraph 10 of the Bank Stipulation is

19  amended to read as follows:

20      "10.   Conditions to Effectiveness of Stipulation.  This Stipulation

21      is contingent upon the following:

22      (a)   The entry of orders of the bankruptcy court in Boneyard's

23      bankruptcy case and the Luckey Case approving this Stipulation,

24      which order in this case may be the order granting the Sale Motion;

25      (b)   The closing of the sale of the Toll Property  [defined in the

26      order granting the Sale Motion as the "Property] on or before

27      February 12, 2010, or such later date as may be agreed to by the

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21516474.5                               3

1    parties to this Stipulation in writing, but in no event later than

2    February 26, 2010 (the "Outside Closing Date").

3    In the event that either of the foregoing conditions is not satisfied,

4    the parties to this Stipulation shall enter into a separate stipulation

5    regarding their respective rights and remedies."

6    **Transfer of Property**

7    9.    <u>Transfer Free and Clear</u>.  Except as expressly provided for in the Lennar

8    Agreement or this Sale Order, the sale of the property to be transferred pursuant to the terms of

9    the Lennar Agreement (the "**Property**") shall constitute a sale of the Property free and clear of

10    any Interest (as defined below) in the Property held by any entity, other than the Permitted

11    Exceptions (as defined below) as of the date upon which Sellers transfer title to the Property to

12    Buyer.

13    10.    <u>Definition of "Interest"</u>.  As used herein, the term "**Interest**" includes all then

14    existing or asserted liens, security interests, trust deeds, claims, encumbrances, mortgages,

15    pledges, judgments, demands, conditional sales, and option agreements, fixed or contingent,

16    whether imposed by agreement or as a matter of law, but excludes those obligations constituting

17    "Permitted Exceptions" as defined in the Lennar Agreement.

18    11.    <u>Release of Interests</u>.  On or before the Closing Date, each of the Debtor's creditors

19    are directed to execute such documents as may be provided to them by the Debtor as may be

20    necessary or convenient to release its Interests in the Property, as such Interests may have been

21    recorded or otherwise exist, other than the Permitted Exceptions.  All such executed documents

22    shall be delivered to Chicago Title Insurance Company, 16969 Von Karmen, Suite 200, Irvine,

23    California 92606; Attention:  Lorri Beasley the escrow holder under the Lennar Agreement

24    ("**Chicago Title**") to be held and utilized by that escrow holder subject to the terms and

25    conditions of the Lennar Agreement.

26    12.    <u>Filing and Recordation of Sale Order</u>.  If any person or entity that has filed

27    financing statements, mortgages, trust deeds, mechanic's liens, lis pendens or other documents or

28    agreements evidencing an Interest with respect to the Property, other than the Permitted

1   Exceptions, shall not have delivered, prior to the Closing Date provided for in the Lennar

2   Agreement, in proper form for filing and executed by the appropriate parties, to Chicago Title any

3   and all documents evidencing the termination of such Interest including, without limitation,

4   termination statements, reconveyances, instruments of satisfaction, or releases of any Interest

5   which the person or entity has with respect to the Property, other than the Permitted Exceptions,

6   then the Debtor is hereby authorized to file, register or otherwise record a certified copy of this

7   Sale Order, which, once filed, registered or otherwise recorded, shall constitute conclusive

8   evidence of the release of any Interest in the Property as of the Closing Date of any kind or nature

9   whatsoever, other than the Permitted Exceptions

10      13.    Interest Attach to Proceeds. Subject to the provisions of the Bank Stipulation, any

11   Interest in the Property held by any person or entity, other than:  (a) the Debtor and (b) the

12   holders of the Permitted Exceptions, including, without limitation, all then existing or asserted

13   liens, security interests, trust deeds, claims, encumbrances, mortgages, pledges, judgments, or

14   demands, fixed or contingent, whether imposed by agreement or as a matter of law, shall attach to

15   the proceeds of the sale contemplated by the Purchase Agreement, in the order of such Interest's

16   priority, to the same extent, and with the same validity, force and effect that it now has against the

17   Property, or any portion thereof, subject to any rights, claims and defenses the Debtor may

18   possess with respect thereto.

19      14.    Injunction Implementing Sale Free and Clear.  Except as expressly provided for in

20   the Lennar Agreement, following the Close of Escrow, all persons and entities holding Interests

21   in the Property shall be and hereby are forever barred, estopped and permanently enjoined from

22   asserting, prosecuting or otherwise pursuing against the Buyer, its property, its successors and

23   assigns, its affiliates or the Property, any claim arising from such Interest.  Following the Close of

24   Escrow, no holder of a claim against the Debtor shall interfere with Lennar's title to, or use and

25   enjoyment of, the Property upon any ground related to such claim.

26      15.    Buyer's Liability.  Except as provided for in the Purchase Agreement, the transfer

27   of the Property to Lennar pursuant to the Lennar Agreement shall not result in:

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21516474.5

5

(a)    Lennar having any liability or responsibility for any claim against the Debtor or against an insider of the Debtor, or

(b)    Lennar having any liability or responsibility to the Debtor. None of Lennar, its affiliates, or its successors or assigns is acquiring or assuming any liability, warranty or other obligation of the Debtor, including, without limitation, any tax incurred but unpaid by the Debtor prior to the Close of Escrow, including, but not limited to, any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, fixed or audited, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction, except as otherwise expressly provided in the Lennar Agreement.

16.    <u>Successor Liability</u>.  Neither Lennar nor its affiliates, successors or assigns shall be deemed, as a result of any action taken in connection with the purchase of the Property, to:

(a)    be a successor to the Debtor;

(b)    have, <u>de</u> <u>facto</u> or otherwise, merged with or into the Debtor; or

(c)    be a continuation or substantial continuation of the Debtor or any enterprise of the Debtor.

17.    <u>Bulk Sales Law</u>.  No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to any of the transactions under the Lennar Agreement.

18.    <u>Effect of Order re Transfer of the Property</u>.  The transfer of the Property to Lennar pursuant to the Purchase Agreement constitutes a legal, valid and effective transfer of the Property, and shall vest Lennar with all right, title and interest of the Debtor in and to the Property free and clear of all Interests of any kind or nature whatsoever, other than the Permitted Exceptions.  On the Close of Escrow, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Property or a bill of sale transferring good and marketable title in the Property to Lennar.

19.    <u>Filing Agencies</u>.  This Sale Order shall be binding upon and shall govern the acts of all persons and entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1   administrative agencies, governmental departments, Secretaries of State, federal, state and local

2   officials, and all other persons and entities who may be required by operation of law, the duties of

3   their office, or contract, to accept, file, register or otherwise record any documents or instruments,

4   or who may be required to report or insure any title or state of title in or to any of the Property.

5   Each and every federal, state, and local governmental agency or department is hereby directed to

6   accept for filing, registration, recording, or other similar purpose any and all documents and

7   instruments necessary and appropriate to consummate the transactions contemplated by the

8   Lennar Agreement including, without limitation, a certified copy of this Sale Order.

9                       **Additional Provisions**

10       20.   <u>Good Faith Purchaser</u>.  Lennar is hereby determined to be a "good faith" purchaser

11   within the meaning of Bankruptcy Code section 363(m).  Therefore, the reversal or modification

12   on appeal of the provisions of this order shall not affect the validity of any transactions

13   consummated in reliance upon the authorizations provided herein, unless such authorization is

14   duly stayed pending such appeal.

15       21.   <u>Retention of Jurisdiction</u>.  This Court retains jurisdiction to enforce and implement

16   the terms and provisions of the Lennar Agreement, all amendments thereto, any waivers and

17   consents thereunder, and of each of the agreements executed in connection therewith in all

18   respects, including, but not limited to, retaining jurisdiction to:  (a) compel delivery of the

19   Property to Lennar; (b) resolve any disputes arising under or related to the Lennar Agreement,

20   except as otherwise provided therein; and (c) interpret, implement and enforce the provisions of

21   this Sale Order.

22       22.   <u>Possession of Property</u>.  All persons and entities who are presently, or on the Close

23   of Escrow may be, in possession of some or all of the Property hereby are directed to surrender

24   possession of the Property either to:  (a) the Debtor prior to the Close of Escrow for subsequent

25   delivery to Lennar on the Close of Escrow, or (b) Lennar on the Close of Escrow.

26       23.   <u>Binding Effect of Purchase Agreement and Sale Order</u>. The terms and provisions

27   of the Lennar Agreement, the Bank Stipulation and this Sale Order shall be binding in all respects

28   upon, and shall inure to the benefit of, the Debtor, its estate, Lennar and their respective affiliates,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21516474.5

7

1   successors and assigns, and any affected third parties, notwithstanding any subsequent

2   appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s)

3   such terms and provisions likewise shall be binding.

4          24.     Modifications.  The Lennar Agreement and any related agreements, documents, or

5   other instruments may be modified, amended or supplemented by the parties thereto in

6   accordance with the terms thereof without further order of the Court; provided that any such

7   modification, amendment, or supplement does not have a material adverse effect on the Debtor's

8   estate, its creditors or on the respective rights of the Debtor or such creditors.

9          25.     Conflicts with Plan of Reorganization or Order Confirming Plan.  Unless the

10  Buyer shall have explicitly consented thereto in a writing referencing this paragraph, nothing

11  contained in any chapter 11 plan confirmed in this bankruptcy case, any order confirming any

12  such plan, or in any other order in this cases (including any order entered after any conversion of

13  these cases to cases under chapter 7 of the Bankruptcy Code) shall alter, conflict with, or derogate

14  from, the provisions of the Lennar Agreement, the Bank Stipulation or this Sale Order.  In the

15  event of any conflict between such plan or confirmation order, on one hand, and the Lennar

16  Agreement, the Bank Stipulation or this Order, on the other hand, the latter shall control.  The

17  Debtor, or any other plan proponent, shall include provisions in any plan of reorganization filed in

18  any one or more of these cases necessary and appropriate to implement the transactions

19  contemplated in the Lennar Agreement, including adequate provisions for pro rations and the like,

20  and provisions prohibiting acts or omissions of the Debtor or other creditors and parties in interest

21  to the extent provided in the Lennar Agreement, the Bank Stipulation or this Sale Order.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

1     <u>Omissions in Sale Order</u>.  The failure specifically to include any particular provisions of the

2     Lennar Agreement in this Sale Order shall not diminish or impair the effectiveness of such

3     provisions, it being the intent of the Court that the Lennar Agreement be authorized and approved

4     in its entirety.  Likewise, all of the provisions of this Sale Order and the Bank Stipulation are

5     nonseverable and mutually dependent.

6                            ###

23

24

DATED: February 5, 2010

_____

United States Bankruptcy Judge

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21516474.5

| In re:<br>BONEYARD, LLC | CHAPTER  11 |
|---|---|
| Debtor(s). | CASE NUMBER  8:09-bk-23930-ES |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 300 South Grand Avenue, 22nd Floor, Los Angeles, CA  90071

A true and correct copy of the foregoing document described ORDER ON MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF INTERESTS will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On January 28, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
VIA U.S. MAIL

| Honorable Erithe A. Smith<br>Ronald Reagan Federal Building<br>411 West Fourth Street, Suite 5041<br>Santa Ana, CA  982701-4593 | William D. Coffee<br>Songstad & Randall LLP<br>2201 Dupont Drive, Suite 100<br>Irvine, CA  92612 |
|---|---|

☐ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 28, 2010 | Victoria L. Rader | /s/ Victoria L. Rader |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

F 9013-3.1

| In re:<br>BONEYARD, LLC | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 8:09-bk-23930-ES |

## NOTE TO USERS OF THIS FORM:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)  Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4)  Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief.  <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) ORDER ON MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF INTERESTS was entered on the date indicated as   Entered   on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**   Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of January 28, 2010, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

    Richard W Esterkin     resterkin@morganlewis.com
    United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
    Frank Cadigan     frank.cadigan@usdoj.gov
    David L. Neale     dln@lnbrb.com
    Beth Ann R Young     bry@lnbrb.com

☐  Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐  Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an   Entered   stamp, the party lodging the judgment or order will serve a complete copy bearing an   Entered   stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

William D. Coffee
Songstad & Randall LLP
2201 Dupont Drive, Suite 100
Irvine, CA  92612

☐  Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                                        F 9021-1.1