MORGAN, LEWIS & BOCKIUS LLP
RICHARD W. ESTERKIN, State Bar No. 70769
PRESCOTT LITTLEFIELD, State Bar No. 259049
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501

Counsel for Debtor and Debtor in Possession,
Boneyard, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

In re

Boneyard, LLC,

           Debtor.

Case No. 8:09-bk-23930-ES

Chapter Number: 11

**NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING UNSECURED DEBTOR IN POSSESSION CREDIT; DECLARATION OF FRAWN GRANADOS IN SUPPORT THEREOF FILED CONCURRENTLY HEREWITH**

Date:      March 30, 2010
Time:     10:30 a.m.
Ctrm:     5A

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, ALL KNOWN CREDITORS AND INTERESTED PARTIES, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

    **PLEASE TAKE NOTICE** that, on March 30, 2010, at 10:30 a.m., before the Honorable Erithe A. Smith, United States Bankruptcy Judge, in Courtroom 5A of the above entitled court, located at the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California, Boneyard, LLC, the debtor and debtor in possession herein, will, and hereby does, move, pursuant to Bankruptcy Code section 364(b), Federal Rule of Bankruptcy

1  Practice 4001(c) and Local Bankruptcy Rule 4001-2, for the entry of an order authorizing

2  Boneyard, LLC to obtain unsecured credit outside of the ordinary course of business from Le

3  Plastrier Management Company, Inc., in a sum not to exceed $25,000.

4      The foregoing motion is based on this notice of motion and motion, the attached

5  Memorandum of Points and Authorities, the Declaration of Frawn Granados filed concurrently

6  herewith, all pleadings, papers and records on file with the Court, and such other evidence, oral or

7  documentary, and argument as may be presented to the Court in connection with the motion.

8      **PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(f) requires

9  that any objection or response to the Motion be filed with the Court and served upon undersigned

10  counsel for Boneyard, LLC at least fourteen (14) days prior to the hearing date.  Pursuant to Local

11  Rule 9013-1(h), the failure to timely file and serve a written objection or response to this motion

12  may be deemed by the Court to constitute a consent to the granting of the relief requested in this

13  motion.

14  Dated: March 4, 2010                          MORGAN, LEWIS & BOCKIUS LLP
15                                                    RICHARD W. ESTERKIN
                                                  PRESCOTT LITTLEFIELD
16
17
                                                  By     /s/ Richard W. Esterkin
18                                                         Richard W. Esterkin
                                                       Counsel for Debtor and Debtor in
19                                                         Possession,  Boneyard, LLC

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21535558.5

2

# MEMORANDUM OF POINTS AND AUTHORITIES

Debtor and debtor in possession Boneyard, LLC (the "**Debtor**") respectfully submits the following Memorandum of Points and authorities in support of the instant motion:

## I.
## INTRODUCTION

The Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code on December 14, 2009. The Debtor and Luckey Industrial, LLC ("**Luckey**")[1] are single asset real estate entities that are under common ownership, both owned and operated by Le Plastrier Management Company, Inc. ("**Le Plastrier Management**").[2] At the time that the Debtor filed its petition, the Debtor's real property was subject to a trust deed in favor of Pacific Western Bank (the "**Bank**") securing a loan in the approximate amount of $13.5 million (the "**Loan**").[3] Luckey's real property is subject to a trust deed securing a guaranty of the Loan.[4] The purpose of this chapter 11 case, and the chapter 11 case filed by Luckey, is to preserve the equity that exists in the combined properties owned by the Debtor and Luckey for the benefit of their unsecured creditors and equity holders.[5]

The Debtor's real property consists of vacant land that is to be subdivided into 106 lots and common area for residential development (the "**Property**").[6] On January 14, 2010, this Court approved a sale of 85 of the 106 lots comprising the Property, and common area, to Lennar Homes of California, Inc. for a gross sales price of $11,500,000. That sale has closed and the net sale proceeds have been paid to the Bank. Pursuant to a prepetition contract, the Debtor is obligated to sell the remaining 21 lots (the "**Oil Lots**") comprising the Property to Barto/Signal Hill Petroleum, Inc., for the sum of $30,000 per lot, payable in the form of a promissory note that will then be pledged to the Bank to secure the remaining sums due to the Bank.[7]

---

[1] Luckey filed a voluntary petition under chapter 11 in this Court one week after the Debtor. *See In re Luckey Industrial, LLC*, U.S.B.C. Case No. 8:09-bk-24209-ES.
[2] *See* the Declaration of Frawn Granados (the "Granados Decl."), ¶¶ 1, 10 and 11.
[3] *Id.*, ¶ 5.
[4] *Id.*
[5] *Id.*, ¶ 6.
[6] *Id.*
[7] *Id.*, ¶ 7.

Other than the Oil Lots, the Debtor's only material assets are two certificates of deposit that are pledged as security for letters of credit that secure development bonds issued to obtain the entitlements for the Property. Because those certificates of deposit are pledged as collateral, the funds evidenced by the certificates of deposit are not presently available to the Debtor.

During the course of this bankruptcy case, the Debtor anticipates having to pay certain expenses, such as the quarterly fees due to the United States Trustee and liability insurance premiums. In addition, the Debtor may incur unanticipated expenses, such as expenses that the Debtor recently incurred to control storm water run off from the Property so as to control erosion of the Property and ensure that the Property complied with waste water discharge requirements imposed by local and State governments. Because the Debtor has no unencumbered funds, the only source of funding for such expenses is Le Plastrier Management, the Debtor's principal, which is willing to advance funds, in its sole and absolute discretion, when and if required, up to the sum of $25,000, on an unsecured, administrative basis, interest free. By this motion, the Debtor seeks the authority to obtain credit from Le Plastrier Management on the foregoing basis and as set forth in the proposed form of order attached hereto as Exhibit 1.

## II.
## THE COURT HAS THE AUTHORITY TO AUTHORIZE THE DEBTOR IN POSSESSION TO OBTAIN UNSECURED CREDIT

Bankruptcy Code section 364(b) provides this Court with the authority to authorize the Debtor to incur unsecured credit. That section reads:

> The court, after notice and a hearing, may authorize the trustee to obtain unsecured credit or incur unsecured debt other than under subsection (a) of this section, allowable under section 503(b)(1) of this title as an administrative expense.

11 U.S.C. § 364(b).

In this case, the Debtor has no unencumbered funds with which to pay the U.S. Trustee's fees as they come due or to preserve the Property. For example, during the recent rains, the Debtor was required to mitigate storm water run off from the Property in order to avoid erosion damage to the Property and potential violation of various waste water discharge requirements imposed by California law. Le Plastrier Management, the Debtor's equity holder, has indicated a

willingness to advance up to $25,000 for these purposes, in exchange for an unsecured administrative claim in this bankruptcy case. Such borrowing is a reasonable and necessary expense of administering the Debtor's estate and ought to be approved by this Court.

### III.
### REQUIRED DISCLOSURES

In light of the amount and terms of the proposed loan, the Debtor and Le Plastrier Management have elected not to prepare a formal credit agreement and intend to rely upon this Court's order approving the proposed loan, assuming that such approval is forthcoming, to evidence the terms of the proposed borrowing. As evidenced by the Debtor's proposed form of order, attached hereto as Exhibit 1, the material provisions of the proposed loan are as follows:

1. The proposed loan will not bear interest;
2. the loan is payable in full upon the earliest of any of the following events:
    a. The effective date of any plan of reorganization in this case;
    b. the dismissal of this case;
    c. the conversion of this case to a case under Chapter 7 of the Bankruptcy Code;
    d. the appointment of a Chapter 11 trustee; or
    e. the sale of the entirety of the Property;
3. the only event of default is if the Debtor fails to pay any amount owing when it becomes due;
4. this credit will be unsecured;
5. the borrowing will be limited to a maximum of $25,000; and
6. advances will be made by Le Plastrier Management, in its sole and absolute discretion, from time to time as funds are required.

As evidenced by the attached form of order, the terms of the proposed borrowing do not include any of the provisions listed in Rule 4001(c)(1)(B)(i)-(xi) of the Federal Rules of Bankruptcy Procedure, Local Rule of Bankruptcy 4001-2(b) or Form F 4001-2, Statement Pursuant to Local Bankruptcy Rule 4001-2.

**IV.**
**CONCLUSION**

Based on the foregoing, the Debtor prays that the Court enter an Order (1) authorizing debtor in possession credit for a total maximum sum of $25,000 on the terms and conditions of the form of order attached hereto as Exhibit 1; and (2) allowing the credit as an administrative expense.

Dated: March 4, 2010

MORGAN, LEWIS & BOCKIUS LLP
RICHARD W. ESTERKIN
PRESCOTT LITTLEFIELD


By  /s/ Richard W. Esterkin
    Richard W. Esterkin
    Counsel for Debtor and Debtor in
    Possession, Boneyard, LLC

# EXHIBIT 1

MORGAN, LEWIS & BOCKIUS LLP
RICHARD W. ESTERKIN, State Bar No. 70769
PRESCOTT LITTLEFIELD, State Bar No. 259049
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501

Counsel for Debtor and Debtor in Possession,
Boneyard, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Boneyard, LLC,<br><br>　　　　　　Debtor. | Case No. 8:09-bk-23930-ES<br><br>Chapter Number: 11<br><br>**ORDER ON MOTION TO OBTAIN ORDER AUTHORIZING UNSECURED DEBTOR IN POSSESSION FINANCING**<br><br>Date:　　March 30, 2010<br>Time:　　10:30 a.m.<br>Ctrm:　　5A |

　　　　The Debtor's Motion for an Order Authorizing Unsecured Debtor in Possession Financing filed on March __, 2010, [Docket No. __] (the "**Credit Motion**") came on regularly for hearing before the above-entitled Court on March 30, 2010, commencing at 10:30 a.m., the Honorable Erithe A. Smith, United States Bankruptcy Judge, presiding (the "**Credit Hearing**"). Appearances at the Credit Hearing were as noted in the record of the Credit Hearing. After due deliberation thereon; a determination that the financing sought by the Credit Motion is an actual, necessary cost of preserving the estate; and good and sufficient cause appearing therefore:

///

///

///

**IT IS HEREBY ORDERED THAT**:

1. The Credit Motion is granted pursuant to the terms and conditions of this Order on Motion for Debtor in Possession to Obtain Unsecured Credit;

2. The Debtor is authorized to obtain unsecured credit, in a sum not to exceed $25,000, payable as an administrative expense under 11 U.S.C. § 503(b)(1), from Le Plastrier Management Company, Inc., such advances to be made by Le Plastrier Management Company, Inc. from time to time, in its sole and absolute discretion;

3. The advances by Le Plastrier Management Company, Inc. under the terms of this order shall not bear interest and shall be due on the first to occur of the following:

    (a) The effective date of any plan of reorganization in this case;

    (b) the dismissal of this case;

    (c) the conversion of this case under Chapter 7 of the Bankruptcy Code;

    (d) the appointment of a Chapter 11 trustee; or

    (e) the sale of the entirety of the Debtor's real property.

4. The only event of default with respect to any advances that may be made under the terms of this order is if the Debtor fails to repay the loan upon the loan becoming due.

###

| In re:<br>BONEYARD, LLC<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 8:09-bk-23930-ES |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
300 South Grand Avenue, 22nd Floor, Los Angeles, CA 90071

A true and correct copy of the foregoing document described NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING UNSECURED DEBTOR IN POSSESSION CREDIT; DECLARATION OF FRAWN GRANADOS IN SUPPORT THEREOF FILED CONCURRENTLY HEREWITH will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 4, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

   Frank Cadigan        frank.cadigan@usdoj.gov
   Beth Ann R Young     bry@lnbrb.com
   Richard W Esterkin   resterkin@morganlewis.com
   United States Trustee (SA)   ustpregion16.sa.ecf@usdoj.gov
   David L. Neale       dln@lnbrb.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On March 4, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
VIA U.S. MAIL
   Honorable Erithe A. Smith
   Ronald Reagan Federal Building
   411 West Fourth Street, Suite 5041
   Santa Ana, CA 982701-4593

   William D. Coffee
   Songstad & Randall LLP
   2201 Dupont Drive, Suite 100
   Irvine, CA 92612

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 4, 2010 | Victoria L. Rader | /s/ Victoria L. Rader |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                F 9013-3.1

| In re:<br>BONEYARD, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:09-bk-23930-ES |

## II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL

VIA U.S. MAIL:

| | | |
|---|---|---|
| A Throne Co., Inc.<br>1850 E. 33rd Street<br>Long Beach, CA 90807 | AH&S Construction Corporation<br>2439 Cerritos Avenue<br>Signal Hill, CA  90755 | American Fence Company, Inc.<br>c/o CT Corporation System<br>818 West Seventh St.<br>Los Angeles, CA 90017 |
| Closson & Closson, Inc.<br>12452 Vista Panorama<br>Santa Ana, CA 92705 | Commercial Mobile Systems<br>263 Main Street<br>Riverside, CA  92501 | Development Resource Consultants<br>2603 Main St, 9th Fl.<br>Irvine, CA 92614 |
| Excel Paving Company<br>2230 Lemon Ave.<br>Long Beach, CA 90806 | L&S Construction Inc<br>24405 Via Lenardo<br>Yorba Linda, CA 92686 | Sukut Construction Inc<br>4010 W Chandler Avenue<br>Santa Ana, CA 92704 |
| Pacific Shores Masonry Inc<br>1369 Walker Lane<br>Corona, CA 92879 | Steiny and Company Inc<br>Electrical Contractors & Engineers<br>27 Sheridan St.<br>Vallejo, CA 94590 | United Site Service of CA Inc<br>Southern Division<br>c/o CT Corporation<br>818 West Seventh St<br>Los Angeles, CA 90017 |
| Temp Power Systems<br>625 S Fee Ana Street<br>Placentia, CA 92870 | Armstrong Robitaille Reigle<br>2127 W Orangewood Suite 100<br>Orange, CA 92868 | Leighton and Associates Inc<br>17781Cowan Suite 200<br>Irvine, CA  92614-6009 |
| Long Beach Water Department<br>1800 East Warlow Road<br>Long Beach, CA 90807 | California Real Estate Advisors<br>One half Marguerite Ave<br>Corona Del Mar, CA 92625 | Pacific Western Bank<br>10250 Constellation Blvd Suite 1640<br>Los Angeles, CA 90067 |
| Los Angeles County Tax Collector<br>Kenneth Hahn Hall of Administration<br>225 North Hill Street Room 109<br>Los Angeles, California  90012 | Kabo Equipment Inc<br>2973 Harbor Blvd Suite 487<br>Costa Mesa, CA 92626 | Le Plastrier Management Co Inc<br>Attn Geoffrey R Le Plastrier<br>19800 MacArthur Blvd Suite 1150<br>Irvine, CA 92612 |
| The Alamitos Ridge LLC<br>Attn Geoffrey R Le Plastrier<br>19800 MacArthur Blvd Suite 1150<br>Irvine, CA 92612 | Barto Signal Petroleum Inc<br>Attn Dave Slater<br>2901 Orange Ave<br>Signal Hill, CA 90806 | |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                      **F 9013-3.1**
DB2/21535558.5